291 N.J. Super. 277 (1996)
677 A.2d 265
CENTRAL NATIONAL-GOTTESMAN INC., PLAINTIFF-RESPONDENT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1996.
Decided June 14, 1996.
*278 Before Judges SHEBELL, STERN and WALLACE.
Gail L. Menyuk, Deputy Attorney General, argued the cause for appellant (Joseph L. Yannotti, Assistant Attorney General, of counsel; Ms. Menyuk, on the brief and reply brief).
David Rabinowitz, admitted pro hac vice, argued the cause for respondent (Spector & Ehrenworth, attorneys; Brian D. Spector, of counsel; Mr. Rabinowitz and Steven Glaser, on the brief).
The opinion of the court was delivered by STERN, J.A.D.
The Director of the Division of Taxation (Director) appeals from a judgment based on a determination of the Tax Court which concluded that the portion of plaintiff taxpayer's income "derived from [its] investment division is not subject to taxation by New Jersey" and that plaintiff "is entitled to its claim for refund of corporate business taxes for 1988, 1989 and 1990." Central National-Gottesman v. Director, Division of Taxation, 14 N.J. Tax 545, 560 (1995). We affirm substantially for the reasons expressed in the published opinion of Judge Lawrence L. Lasser, but add the following.
Before us, the Director expressly acknowledges that the merger of Lindenmeyr Paper Corporation into plaintiff and plaintiff's election of subchapter S status is not itself controlling. He further concedes the fact that although separate divisions of a single corporation, controlled by a single board of directors and senior officers, is involved, as opposed to parent and subsidiary corporations, such fact is not dispositive. The Director, therefore, does not contest Judge Lasser's statement that "[b]ecause a corporate structure consists of divisions rather than subsidiaries does not in itself make the corporation unitary." Id. at 558. See also Mobil Oil Corp. v. Commissioner of Taxes, 445 U.S. 425, 440, 100 S.Ct. 1223, 1233, 63 L.Ed.2d 510, 523 (1980) (Vermont could apportionately tax dividends received from foreign subsidiaries and affiliates by corporation doing business in that State; "the *279 form of business organization may have nothing to do with the underlying unity or diversity of business enterprise"); Exxon Corp. v. Wisconsin Dep't of Revenue, 447 U.S. 207, 212-13, 224, 229-30, 100 S.Ct. 2109, 2114, 2120, 2123-24, 65 L.Ed.2d 66, 74, 81, 85 (1980) (Wisconsin could tax apportioned revenues of all three departments of corporation although only marketing department operated within the State; Exxon had not met its burden of establishing discrete business enterprises); Silent Hoist & Crane Co. v. Director, Div. of Taxation, 100 N.J. 1, 17-21, 494 A.2d 775 ("combination of ... factors"  not mere single entity corporate form  resulted in conclusion that investment activities of corporate taxpayer were part of "unitary corporation"), cert. denied, 474 U.S. 995, 106 S.Ct. 409, 88 L.Ed.2d 359 (1985); American Home Products Corp. v. Director, Div. of Taxation, 11 N.J. Tax 287, 291-92, 301-09 (1990) (income derived from investments managed and controlled through corporation's management division in New York and not used to support any operational division were not apportionable and taxable in New Jersey), aff'd, 13 N.J. Tax 120 (App.Div. 1992).
As the United States Supreme Court has most recently said:
Among the limitations the Constitution sets on the power of a single State to tax the multi-state income of a nondomiciliary corporation are these: there must be "a `minimal connection' between the interstate activities and the taxing State," Mobil Oil Corp. v. Commissioner of Taxes of Vt., 445 U.S. 425, 436-437, 100 S.Ct. 1223, 1231, 63 L.Ed.2d 510 (1980) (quoting Moorman Mfg. Co. v. Bair, 437 U.S. 267, 273, 98 S.Ct. 2340, 2344-45, 57 L.Ed.2d 197 (1978)), and there must be a rational relation between the income attributed to the taxing State and the intrastate value of the corporate business. 445 U.S. at 437, 100 S.Ct. at 1231-32, 63 L.Ed.2d 510. Under our precedents, a State need not attempt to isolate the intrastate income-producing activities from the rest of the business; it may tax an apportioned sum of the corporation's multistate business if the business is unitary. E.g. ASARCO Inc. v. Idaho State Tax Comm'n, 458 U.S. 307, 317, 102 S.Ct. 3103, 3109-10, 73 L.Ed.2d 787 (1982). A State may not tax a nondomiciliary corporation's income, however, if it is "derive[d] from `unrelated business activity' which constitutes a `discrete business enterprise.'" Exxon Corp. v. Wisconsin Dept. of Revenue, 447 U.S. 207, 224, 100 S.Ct. 2109, 2120, 65 L.Ed.2d 66 (1980) (quoting Mobil Oil, supra, at 442, 439, 100 S.Ct. at 1234, 1232-33, 63 L.Ed.2d 510).
[Allied-Signal, Inc. v. Director, Div. of Taxation, 504 U.S. 768, 772-73, 112 S.Ct. 2251, 2255, 119 L.Ed.2d 533, 542 (1992).]
*280 The issue before us, therefore, is whether the record supports the Tax Court's conclusion that the forest products division and investment division of the single corporate entity cannot be considered "a unitary business" for state corporate tax purposes. The Director asserts that the taxpayer has the burden of proving that its separate divisions did not constitute a unitary business operation, subject to apportionment or proportional taxation by the State. We agree. See Container Corp. of America v. Franchise Tax Bd., 463 U.S. 159, 164-65, 103 S.Ct. 2933, 2939-40, 77 L.Ed.2d 545, 552 (1983) (taxpayer has the "distinct burden of showing by `clear and cogent evidence' that [the state tax] results in extra-territorial values being taxed ...."). See also Exxon Corp. v. Wisconsin Dep't of Revenue, supra, 447 U.S. at 224, 100 S.Ct. at 2120, 65 L.Ed.2d at 81 (taxpayer did not carry its "burden of showing that its functional departments are `discrete business enterprises' whose income is beyond the apportionment statute of the State"); Butler Brothers v. McColgan, 315 U.S. 501, 507, 62 S.Ct. 701, 704, 86 L.Ed. 991, 996 (1942); Bendix Corp. v. Director, Div. of Taxation, 125 N.J. 20, 40, 592 A.2d 536 (1991), rev'd o.g., sub nom., Allied-Signal v. Director, Div. of Taxation, supra; Silent Hoist & Crane, supra, 100 N.J. at 9-10, 21, 494 A.2d 775. Cf. Allied-Signal, supra, 504 U.S. at 794, 112 S.Ct. at 2266, 119 L.Ed.2d at 556 (O'Connor, J. dissenting) (the taxpayer "has not carried the heavy burden of showing by clear and cogent evidence that the capital gains from ASARCO were not operationally related to its instate business").
Here, Judge Lasser found that the "[t]axpayer has shown by clear and cogent evidence that there was a lack of functional integration, centralization of management and economies of scale between its investment division and forest products division," 14 N.J. Tax at 560, employing the three factors for so deciding as developed by the United States Supreme Court. Id. at 554-57. See Allied-Signal v. Director, Div. Taxation, supra, 504 U.S. at 781-83, 112 S.Ct. at 2259-61, 119 L.Ed.2d at 548-49; F.W. Woolworth Co. v. Taxation & Revenue Dep't, 458 U.S. 354, 364, 371, 102 S.Ct. 3128, 3135, 3138-39, 73 L.Ed.2d 819, 832 (1982); Mobil *281 Oil Corp. v. Commissioner of Taxes, Vermont, 445 U.S. 425, 438, 100 S.Ct. 1223, 1232, 63 L.Ed.2d 510, 521 (1980) (relevant question in determining whether there is a unitary business is whether "contributions to income ... result [] from functional integration, centralization of management and economies of scale"); Container Corp. v. Franchise Tax Bd., supra, 463 U.S. at 179, 103 S.Ct. at 2947-48, 77 L.Ed.2d at 562. And there is sufficient evidence in the record to support his findings of facts and conclusions based thereon, Rova Farms Resort, Inc. v. Investors Insurance Co., 65 N.J. 474, 483-84, 323 A.2d 495 (1974). Plaintiff's chief executive officer and president testified that in 1987 the decision was made "to farm out the management of our investments," that commencing in 1988 and for the tax years in question "all management of the investment portfolio [was] transacted by outside investment managers," and that the investment division did not "regularly supply any services or money to the commercial division."
At argument before us, the Director noted that plaintiff's investment division transferred approximately $16,000,000 to the forest products division to acquire Lindenmeyr; that approximately $17,000,000 was returned in 1988 after the corporation's directors decided in 1987 that it would limit the capital investment in the forest products division to $40,000,000; that consolidated financial statements used in connection with a 1987 operational $18,000,000 loan by the Prudential Insurance Company included financial information relative to both divisions, and that plaintiff obtained a letter of credit for the forest products' acquisition of a paper distributor, D.F. Monroe, in 1988 at a lower rate because the bank was custodian of securities owned by the investment division. The Director thus emphasized that the investment division's assets were being used in securing loans and credit for the forestry products operation.
It is certainly true that such conduct is relevant to the critical issue before us, see Container Corp. v. Franchise Bd., supra, 463 U.S. at 166, 103 S.Ct. at 2940, 77 L.Ed.2d at 553-54; see also ASARCO Inc. v. Idaho State Tax Comm'n, 458 U.S. 307, 327-29, *282 102 S.Ct. 3103, 3115, 73 L.Ed.2d 787, 802-03 (1982); cf. Silent Hoist, supra, 100 N.J. at 20-21, 494 A.2d 775; American Home Products, supra, 11 N.J. Tax at 309, but independent of the fact that here there was no use of the investment portfolio to support operations of the forestry division for the tax years in question,[1] "functional integration" is only one part of the controlling three part test. Moreover, while our Supreme Court, interpreting federal constitutional law, has said that "it is a rare case" that a single corporate entity will not be "unitary," Silent Hoist, 100 N.J. at 18, 494 A.2d 775, in that case "there was a distinct sharing of the value of common management, accounting and operations that [took] the portfolio income of [the] taxpayer well within the concept of a unitary business." Id. at 23, 494 A.2d 775. However, here, the corporation's investments were truly "distinct" from the "main line" of the plaintiff's forestry products business. See Container Corp. v. Franchise Tax Bd., 463 U.S. at 178, 103 S.Ct. at 2947, 77 L.Ed.2d at 561. See also ASARCO Inc. v. Idaho State Tax Comm'n, supra, 458 U.S. at 324, 102 S.Ct. at 3113, 73 L.Ed.2d at 800, n. 21.
The judgment is affirmed.
NOTES
[1] There was a basis for Judge Lasser's conclusion that the 1988 letter of credit involved a "single incident" and a "de minimus saving of fees." 14 N.J. Tax at 559.